**CARPENTERS UNION LOCAL NO. 1109, United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Local No. 1109, a/w United Brotherhood of Capenters & Joiners of American, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Champion Home Builders Co., Petitioner,**

**Carpenters Union Local No. 1109, United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Intervenor,**

v.

**National Labor Relations Board, Respondent.**

1. 26 USCS § 7430(c)(4)(B).

2. *See* 26 USCS § 7430(c)(4)(A)(i).

3. *See* 26 CFR § 301.7430–1(g) example 5.

4. *See* 26 USCS § 7430.

National Labor Relations
Board, Applicant,

v.

Champion Home Builders
Co., Respondent.

Nos. 04–76138, 05–71904, 05–72762.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 4, 2006.

David A. Rosenfeld, Esq., Caren P. Sencer, Esq., Weinberg Roger & Rosenfeld, Alameda, CA, for Petitioner.

Regional Director, Alan B. Reichard, NLRB—National Labor Relations Board, Oakland, CA, Aileen A. Armstrong, Esq., Meredith L. Jason, Attorney, Daniel A. Blitz, Esq., NLRB—National Labor Relations Board, Contempt Litigation & Compliance Branch, Washington, DC, Joshua L. Ditelberg, Esq., Seyfarth Shaw, LLP, Chicago, IL, Robert W. Tollen, Esq., Seyfarth Shaw, LLP, San Francisco, CA, for Respondent.

694

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

MEMORANDUM *

1. Carpenters Union Local No. 1109 (Carpenters) petitions for review of a Decision and Order by the National Labor Relations Board (NLRB) holding that Champion Home Builders Company (Champion) did not violate the National Labor Relations Act (NLRA) by failing to stay or seek dissolution of a restraining order issued against its former employee, Ramon Rivas (Rivas).

Champion petitions for review of that portion of the Board's Decision and Order requiring Champion to reinstate Rivas and to petition the state court to withdraw those portions of the restraining order that conflict with the reinstatement remedy.

The NLRB has filed an application for enforcement of the Board's Decision and Order.

2. Carpenters was an aggrieved party because the Board's decision resulted in a remedial order against Carpenters to the extent the charges against Champion were not sustained. *See Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am., AFL–CIO, Local 283 v. Scofield*, 382 U.S. 205, 210, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965). Moreover, because the ALJ ruled in Carpenters' favor, and "the [preemption] issue was clearly before the Board[,]" Carpenters did not waive the preemption argument by failing to except to the ALJ's ruling. *Gardner*

*Mech. Servs., Inc. v. NLRB*, 115 F.3d 636, 641 (9th Cir.1997).

3. Although the state court had discretionary power to enjoin Rivas from engaging in violent behavior, to the extent the state court's restraining order prohibited Rivas from contacting or sending any messages to Champion employees, it encompassed protected activity under the NLRA, and was preempted as of the date the NLRB Complaint against Champion issued. *See Youngdahl v. Rainfair*, 355 U.S. 131, 139–40, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957); *see also Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180, 201–03, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978).

4. Substantial evidence in the record supports the Board's findings that: (1) Rivas engaged in protected concerted activity, (2) Rivas's discharge was motivated by his protected concerted activity, and (3) a portion of the state court's restraining order conflicted with the Board's order to reinstate Rivas. *See Lucas v. NLRB*, 333 F.3d 927, 931 (9th Cir.2003) (defining substantial evidence); *see also Youngdahl*, 355 U.S. at 139, 78 S.Ct. 206 (describing preempted state court injunction).

Carpenter's petition is **GRANTED** to the extent that it seeks to reverse the Board's ruling that Champion's restraining order was not preempted until the remedial order was entered by the Board; the petition is **DENIED** to the extent it seeks *ab initio* preemption.

The Board's application for enforcement is **GRANTED** regarding its finding that Champion violated the NLRA; the application is **DENIED** to the extent that the Board found preemption as of the date of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the remedial order rather than as of the date the NLRB Complaint issued.

Champion's petition is **DENIED.**